J-S21043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAQUANA TAWANE LAYER | : | |
| | : | |
| Appellant | : | No. 1489 MDA 2022 |

Appeal from the Suppression Order Entered October 13, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005925-2021

BEFORE:    BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 08, 2023**

I agree with the Majority, except with respect to the conclusion concerning the protective sweep of the second floor. ***See*** Majority Mem. at 13 (stating that the police "failed to articulate sufficient facts to justify the second level search beyond the areas immediately adjoining the arrest" on the first floor).

In its opinion, the trial court recognized that the protective sweep permitted the police officers to look for a person or persons on the second floor of the house. ***See*** Rule 1925(a) Op., 12/22/22, at 8. However, the trial court concluded that the officers exceeded the permissible scope of the sweep, which authorized a search for a person who could pose a danger to the officers, and instead the officers unreasonably discerned specks of suspected

_____

[*] Retired Senior Judge assigned to the Superior Court.

marijuana "amongst a variety of other items" sitting on top of a dresser. *Id.* at 9. I agree with the trial court's conclusion.

In my view, police had sufficient basis to conduct a protective sweep of the second floor including places such as bathrooms, closets, and spaces where a person could hide based on the movement of the blinds at the front window on the second floor observed by Officer Adam Nothstein.[1] *See Buie v. Maryland*, 494 U.S. 325, 335 (1990); *Commonwealth v. Taylor*, 771 A.2d 1261, 1267 (Pa. 2001). However, I agree that the search of the dresser was outside the scope of a protective sweep.

The record reflects that Officer Pete Fouad stated as follows:

During the service of the [arrest] warrant [for Hightower], I observed loose marijuana on a dresser along with "Lemon Cherry Gelato" resealable bags, and a box of clear sandwich baggies. The top drawer of the dresser was slightly opened, and it contained wads of cash. All items were in plain view. Based on the above information, I obtained a search warrant for the residence.

Complaint (Affidavit of Prob. Cause), 11/3/21. Further, Officer Fouad testified that he saw wads of cash in the open drawer. *See* N.T., 4/8/22, at 54. However, the trial court concluded that Officer Fouad's testimony concerning the open drawer was not credible, as crime scene photos revealed that the drawer was closed. *See* Trial Ct. Op., 10/13/22, at 4-5, 9. Because the search warrant was based, in part, on the "wads of cash" Officer Fouad allegedly saw, and because the trial court did not credit this testimony, the

_____

[1] *See* N.T., 4/8/22, at 40.

only remaining information supporting the search warrant were "specks" of suspected marijuana allegedly observed during the protective sweep. ***See id.*** at 8.

Protective sweeps are limited, and they must be swift and target areas where a **person could reasonably be expected to hide**. ***Commonwealth v. Crouse***, 729 A. 2d 588, 598 (Pa. Super. 1999) (emphasis added). Further, a protective sweep "must be supported by articulable facts and inferences giving rise to reasonable suspicion that the area to be swept harbors an individual posing a danger to the police." ***Id.*** The trial court noted that Officer Fouad admitted that a person could not fit behind the dresser or in the dresser drawers. ***See*** Rule 1925(a) Op., 12/22/22, at 9. On this record, I agree with the trial court that a search for persons hiding on the second floor would not have led a reasonably prudent officer to observe loose specks of suspected marijuana on top of a dresser. ***See*** Trial Ct. Op., 10/13/22, at 8. Therefore, although I conclude that police were permitted to conduct a protective sweep of the second floor for hidden persons due to the movement of the blinds, because the trial court found Officer Fouad's testimony not credible concerning the open dresser drawer, I agree that there was insufficient cause to search the interior of the dresser based on the observation of small specks of marijuana on top of the dresser during the sweep. For these reasons, I agree with the Majority that suppression is warranted, and I concur in the result.